# EXHIBIT F

## B|E|S BRAGAR EAGEL & SQUIRE, P.C.

J. Brandon Walker
885 Third Avenue
Suite 3040
New York, NY 10022
Tel: (212) 308-5858
Fax: (212) 486-0462
walker@bespc.com

May 30, 2017

**VIA CERTIFIED MAIL & FEDERAL EXPRESS**

Kevin A. Plank
Founder, Chairman, and CEO
Under Armour, Inc.
1020 Hull Street, Suite 300
Baltimore, MD 21230

    Re:    *Under Armour, Inc. Litigation Demand*

Dear Mr. Plank:

    We represent Patricia Mioduszewski (the "Stockholder"), an owner of Under Armour, Inc. ("Under Armour" or the "Company") common stock. I write on behalf of the Stockholder to demand that the Company's Board of Directors (the "Board") take immediate action to pursue certain causes of action on behalf of the Company against the directors and certain officers of the Company, as detailed herein.

    As you are aware, by reason of their positions as officers and/or directors of Under Armour and because of their ability to control the business and corporate affairs of Under Armour, the officers and directors of the Company owe Under Armour the fiduciary obligations of loyalty, good faith, and due care. Md. Corporations and Associations Code Ann. § 2-405.1 (2013).

    The Stockholder is informed and believes that the following officers and/or directors of the Company violated these core fiduciary duty principles, causing Under Armour to suffer damages: Chief Executive Officer ("CEO") and Chairman of the Board Kevin Plank ("Plank"), Chief Financial Officer David E. Bergmann, and Directors Byron K. Adams, George W. Bodenheimer, Douglas E. Coltharp, Anthony W. Deering, Karen W. Katz, A.B. Krongard, William R. McDermott, Eric T. Olsen, and Harvey L. Sanders (collectively, the "Directors and Officers").

    The Company's 2017 proxy statement, filed with the Securities and Exchange Commission ("SEC") on April 13, 2017 (the "Proxy"), revealed that the Company paid over $73 million in 2016 to businesses controlled by its Founder, CEO, and Chairman, Kevin Plank. These self-dealing transactions were not the product of arm's-length negotiations and rather served to enrich Plank personally to the detriment of the Company and its stockholders.

    The Proxy also revealed that these self-dealing transactions included when, in prior years, Under Armour leased real estate and private aircraft from Plank Industries, a company controlled

B|E|S BRAGAR EAGEL & SQUIRE, P.C.

Kevin A. Plank
May 30, 2017
Page 2

by Plank. In 2014, a subsidiary of Plank Industries called Sagamore Development Holdings LLC ("Sagamore") purchased a parcel of land in Baltimore's waterfront Port Covington area for $35 million. Under Armour purchased this property from Sagamore two years later for $70.3 million. The purchase price was not the product of an arm's-length negotiation. Rather, Plank exercised his control of Under Armour and the Board to extract $35 million from Under Armour and its stockholders for his personal benefit.

Moreover, Under Armour spent $2.4 million to lease aircraft owned by Plank's businesses in 2016 including, among other things, a helicopter for $6,500 an hour as well as a private jet.

Further, *Business Insider* reported on April 14, 2017, that Under Armour plans to use a recently-opened hotel owned by Plank and his brother, Scott Plank, for business purposes.

These exorbitant self-dealing transactions all took place as Under Armour's growth slowed in 2016 to its lowest level in eight years. In 2016, Under Armour's shares fell 30% and have continued to fall another 30% thus far in 2017. As it became clear that Plank would not receive incentive based compensation due to these poor results, he passed money from the Company to himself via the self-dealing transactions described above.

According to the Under Armour's most recent proxy statement, filed with the Securities and Exchange Commission ("SEC") on April 13, 2017, Plank controls a 65.1% voting interest in the Company. He therefore had the power to force the Company into these transactions unilaterally. Even if the decisions were presented to the full Board of Directors, each of the Directors was either selected by Plank to serve or could be personally removed by him as the controlling stockholder.

The Stockholder maintains that Plank, in concert with each of the other Directors and Officers, breached their fiduciary duties of loyalty and good faith by approving and/or knowingly allowing these unfair related party transactions. The Directors and Officers ignored, consciously disregarded, and/or were reckless in not establishing internal controls to prevent such blatant self-dealing.

As a result of the foregoing breaches of fiduciary duties, Under Armour has sustained damages. As a result of the inappropriate financial expenditures described above, millions of dollars have been misappropriated from Under Armour and its stockholders to Plank.

On behalf of the Stockholder, I hereby demand that the Board take action against the Directors and Officers to recover the damages described herein for the benefit of the Company and to correct the deficiencies in the Company's internal controls, accounting, and audit systems that fostered the misconduct described herein.

If the Company does not take appropriate action within a reasonable period of time, the Stockholder will commence a stockholder derivative action on behalf of the Company to obtain appropriate relief.

B|E|S BRAGAR EAGEL & SQUIRE, P.C.

Kevin A. Plank
May 30, 2017
Page 3

  This stockholder demand also serves to put all affected entities and individuals identified herein on notice of their document preservation and collection responsibilities.

            Very truly yours,

            J. Brandon Walker

JBW/thh

Enclosures (as stated)

cc: Kara M. Wolke, Glancy Prongay & Murray LLP (by electronic mail)
   Kenneth Elan, The Elan Law Firm (by electronic mail)

