**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

<table>
<tr>
<td>

ENDURANCE AMERICAN INSURANCE
COMPANY; CONTINENTAL CASUALTY
COMPANY; SWISS RE CORPORATE
SOLUTIONS AMERICA INSURANCE
CORPORATION; NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH, PA; FREEDOM SPECIALTY
INSURANCE COMPANY; QBE
INSURANCE CORPORATION;
ARGONAUT INSURANCE COMPANY; XL
SPECIALTY INSURANCE COMPANY;
ALLIED WORLD NATIONAL
ASSURANCE COMPANY; NAVIGATORS
INSURANCE COMPANY,

      Plaintiffs/Counterclaim-Defendants,

    v.

UNDER ARMOUR, INC.,

      Defendant/Counterclaim-Plaintiff

</td>
<td>

Civil Action No. 1:22-cv-02481

**[REDACTED]**

</td>
</tr>
</table>

<u>**DEFENDANT UNDER ARMOUR, INC.'S ANSWER TO COMPLAINT,
AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND**</u>

<u>**ANSWER**</u>

Defendant Under Armour, Inc. ("Defendant"), through the undersigned counsel, hereby

responds to the numbered paragraph of the January 26, 2023 First Amended Complaint

("Amended Complaint") of Plaintiffs Endurance American Insurance Company ("Endurance");

Continental Casualty Company ("Continental"); Swiss Re Corporate Solutions America

Insurance Corporation ("SRCSAIC"); National Union Fire Insurance Company of Pittsburgh, Pa.

("National Union"); Freedom Specialty Insurance Company ("Freedom"); QBE Insurance

Corporation ("QBE"); Argonaut Insurance Company ("Argo"); XL Specialty Insurance

Company ("XL"); Allied World National Assurance Company ("Allied World"); and Navigators Insurance Company ("Navigators") (collectively, "Plaintiffs") and states:

## INTRODUCTION

1.      Paragraph 1 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations in paragraph 1 but denies Plaintiffs are entitled to the relief sought.

2.      Paragraph 2 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations in paragraph 2.

3.      Paragraph 3 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 3.

4.      Paragraph 4 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 4.

## PARTIES

5.      Admitted, upon information and belief.

6.      Admitted, upon information and belief.

7.      Admitted, upon information and belief.

8.      Admitted, upon information and belief.

9.      Admitted, upon information and belief.

10.     Admitted, upon information and belief.

11.     Admitted, upon information and belief.

12.     Admitted, upon information and belief.

13.     Admitted, upon information and belief.

14.     Admitted, upon information and belief.

15.     Admitted.

## JURISDICTION AND VENUE

16.     Paragraph 16 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations in paragraph 16.

17.     Paragraph 17 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations in paragraph 17.

## THE SECURITIES CLASS ACTION

18.     Defendant admits only that the Breece complaint speaks for itself and Defendant denies any allegations inconsistent with the language of the Breece complaint.

19.     Defendant admits only that the Breece complaint speaks for itself and Defendant denies any allegations inconsistent with the language of the Breece complaint.

20.     Defendant admits only that the Breece complaint speaks for itself and Defendant denies any allegations inconsistent with the language of the Breece complaint.

21.     Defendant admits only that the Breece complaint speaks for itself and Defendant denies any allegations inconsistent with the language of the Breece complaint.

22.     Defendant admits only that the Breece complaint speaks for itself and Defendant denies any allegations inconsistent with the language of the Breece complaint.

23.     Defendant admits only that the Breece complaint speaks for itself and Defendant denies any allegations inconsistent with the language of the Breece complaint.

24.     Defendant admits only that the Breece complaint speaks for itself and Defendant denies any allegations inconsistent with the language of the Breece complaint.

25.     Defendant admits only that the March 23, 2017 order speaks for itself and Defendant denies any allegations inconsistent with the language of the order.

26.     Defendant admits only that the August 9, 2017 Consolidated Amended Complaint speaks for itself and Defendant denies any allegations inconsistent with the language of the Consolidated Amended Complaint.

160358339.6

27.     Defendant admits only that the November 16, 2018 Consolidated Second Amended Complaint speaks for itself and Defendant denies any allegations inconsistent with the language of the Consolidated Second Amended Complaint.

28.     Defendant admits only that the November 16, 2018 Consolidated Second Amended Complaint speaks for itself and Defendant denies any allegations inconsistent with the language of the Consolidated Second Amended Complaint.

29.     Defendant admits only that the November 16, 2018 Consolidated Second Amended Complaint speaks for itself and Defendant denies any allegations inconsistent with the language of the Consolidated Second Amended Complaint.

30.     Defendant admits only that the November 16, 2018 Consolidated Second Amended Complaint speaks for itself and Defendant denies any allegations inconsistent with the language of the Consolidated Second Amended Complaint.

31.     Defendant admits only that the November 16, 2018 Consolidated Second Amended Complaint speaks for itself and Defendant denies any allegations inconsistent with the language of the Consolidated Second Amended Complaint.

32.     Defendant admits only that the November 16, 2018 Consolidated Second Amended Complaint speaks for itself and Defendant denies any allegations inconsistent with the language of the Consolidated Second Amended Complaint.

33.     Defendant admits only that the November 16, 2018 Consolidated Second Amended Complaint speaks for itself and Defendant denies any allegations inconsistent with the language of the Consolidated Second Amended Complaint.

34.     Defendant admits only that the August 19, 2019 and September 9, 2019 orders and the notice of appeal speak for themselves and Defendant denies any allegations inconsistent with the language of the same.

35.     Defendant admits only that the November 2019 Wall Street Journal article speaks for itself and Defendant denies any allegations inconsistent with the language of the article.

36.     Defendant admits only that the November 18, 2019 motion speaks for itself and Defendant denies any allegations inconsistent with the language of the motion.

37.     Defendant admits only that the January 22, 2020 opinion and order speaks for itself and Defendant denies any allegations inconsistent with the language of the order.

38.     Defendant admits only that the August 13, 2020 opinion from the Court of Appeals and the District Court's September 14, 2020 order speak for themselves and Defendant denies any allegations inconsistent with the language of the same.

39.     Defendant admits only that the September 14, 2020 order speaks for itself and Defendant denies any allegations inconsistent with the language of the order.

40.     Defendant admits only that the October 14, 2020 Consolidated Third Amended Complaint speaks for itself and Defendant denies any allegations inconsistent with the language of the Consolidated Third Amended Complaint.

## DERIVATIVE MATTERS

41.     Defendant admits only that the August 17, 2016 and October 17, 2016 demands speak for themselves and denies any allegations inconsistent with the language of the demands.

42.     Defendant admits only that the demands attached as Exhibits D, E, F, and G to Plaintiff Endurance American Insurance Company's original Complaint, as well as the actions filed subsequently thereto, speak for themselves and Defendant denies any allegations inconsistent with the language of the same, denies that the demands make all of the same allegations, and admits that the Under Armour Board declined to pursue any of the listed derivative demands.

43.     Defendant admits only that the derivative complaints speak for themselves and Defendant denies any allegations inconsistent with the language of the derivative complaints.

44.     Defendant admits only that the derivative complaints speak for themselves and Defendant denies any allegations inconsistent with the language of the derivative complaints.

160358339.6

45.    Defendant admits only that the listed derivative demand letters speak for themselves and denies any allegation inconsistent with the language of the listed demands, and denies that all of the listed demands make the same allegations.

46.    Paragraph 46 of the Amended Complaint makes statements to which no response is required. To the extent a response is required, Defendant admits the allegations in paragraph 46.

## THE GOVERNMENT INVESTIGATIONS



47.

48.

49.

50.

51.

## THE 2016-2017 D&O POLICIES

52.    Defendant admits only that various insurers sold D&O insurance policies to Under Armour for the policy period February 28, 2106 to March 31, 2017, and that these policies speak for themselves, and denies any allegations inconsistent with the language of those policies.

53.    Admitted

54.    Admitted.

55.     Defendant admits that the 2016-2017 insurers have taken the position that the Securities Class Action, the Derivative Matters, and the Wells Notices and subpoenas issues in connection with the Government Investigations all arise out of the same Wrongful Acts or Interrelated Wrongful Acts, but denies that this position is correct, and denies the remainder of the allegations in paragraph 55.

56.     Defendant admits that one or more of the 2016-2107 Insurers have paid, under reservations of rights, certain of the defense costs incurred in the Securities Class Action, the Derivative Matters, the Wells Notice and subpoenas issued in connection with the Government Investigation, but denies the remainder of allegations in paragraph 56.

## THE 2017-2018 D&O POLICIES

57.     Defendant admits only that various insurers sold D&O insurance policies to Under Armour for the policy period February 28, 2106 to March 31, 2017, and that these policies speak for themselves, and denies any allegations inconsistent with the language of those policies.

58.     Admitted.

59.     Defendant admits only that the policies attached as Exhibits Y to GG of Plaintiffs' Amended Complaint speak for themselves and Defendant denies any allegations inconsistent with the language of the policies.

60.     Defendant admits only that the 2017-2018 Endurance Primary Policy speaks for itself and Defendant denies any allegations inconsistent with the language of the policy.

61.     Defendant admits only that the 2017-2018 Endurance Primary Policy speaks for itself and Defendant denies any allegations inconsistent with the language of the policy.

62.     Defendant admits only that the 2017-2018 Endurance Primary Policy speaks for itself and Defendant denies any allegations inconsistent with the language of the policy.

63.     Defendant admits only that the 2017-2018 Endurance Primary Policy speaks for itself and Defendant denies any allegations inconsistent with the language of policy.

64.     Defendant admits only that the 2017-2018 Endurance Primary Policy speaks for itself and Defendant denies any allegations inconsistent with the language of the policy.

160358339.6

65.     Defendant admits only that the 2017-2018 Endurance Primary Policy speaks for itself and Defendant denies any allegations inconsistent with the language of the policy.

66.     Plaintiffs' pleading contains two paragraphs numbered "66."  As to both of them Defendant admits only that the 2017-2018 Endurance Primary Policy speaks for itself and Defendant denies any allegations inconsistent with the language of the policy, and denies that the second paragraph 66 accurately represents the relevant portion of the 2017-2018 Endurance Primary Policy.

67.     Plaintiffs' pleading contains two paragraphs numbered "67."  As to both of them Defendant admits only that the 2017-2018 Endurance Primary Policy speaks for itself and Defendant denies any allegations inconsistent with the language of the policy.

68.     Plaintiffs' pleading contains two paragraphs numbered "68."  As to both of them Defendant admits only that the 2017-2018 Endurance Primary Policy speaks for itself and Defendant denies any allegations inconsistent with the language of the policy, and denies that the first paragraph 68 accurately represents the relevant definition of 2017-2018 Endurance Primary Policy after relevant endorsements.

69.     Admitted.

## COUNT I
### Declaratory Judgment that the Securities Class Action Is a Claim First Made Before the 2017-2018 Policy Period

70.     Defendant incorporates by reference its responses to paragraphs 1-69 of the Amended Complaint.

71.     To the extent that the allegations in paragraph 71 of the Amended Complaint contain conclusions of law, no response is required. To the extent the allegations in paragraph 71 contain facts, Defendant admits that the Securities Class Action is a civil legal proceeding, but denies that it contains only a single Claim, as that term is defined the 2017-2018 Endurance Primary Policy.

72.     Defendant admits the Breece complaint was filed on February 10, 2017, but denies the remainder of the allegations in paragraph 72.

73.     Paragraph 73 of the Amended Complaint states conclusions of law to which no response is required. To the extent the allegations in paragraph 73 contain facts, Defendant denies the factual allegations in paragraph 73.

74.     Paragraph 74 of the Amended Complaint states conclusions of law to which no response is required. To the extent the allegations in paragraph 74 contain facts, Defendant denies the factual allegations in paragraph 74.

75.     Paragraph 75 of the Amended Complaint states conclusions of law to which no response is required. To the extent the allegations in paragraph 75 contain facts, Defendant denies the factual allegations in paragraph 75.

76.     To the extent that the allegations in paragraph 76 of the Amended Complaint contain conclusions of law, no response is required. To the extent the allegations in paragraph 76 requires a response, Defendant denies Plaintiffs are entitled to the relief requested in paragraph 76.


**COUNT II**
**Declaratory Judgment that the Government Investigations Are Claims That Are Deemed First Made Before the 2017-2018 Policy Period**

77.     Defendant incorporates by reference its responses to paragraphs 1-76 of the Amended Complaint.

78.     To the extent that the allegations in paragraph 78 of the Amended Complaint contain conclusions of law, no response is required. To the extent the allegations in paragraph 78 contain facts, Defendant admits the factual allegations in paragraph 78.

79.     Paragraph 79 of the Amended Complaint states conclusions of law to which no response is required. To the extent the allegations in paragraph 79 contain facts, Defendant denies the factual allegations in paragraph 79.

80.     To the extent that the allegations in paragraph 80 of the Amended Complaint contain conclusions of law, no response is required. To the extent the allegations in paragraph 80 requires a response, Defendant denies Plaintiffs are entitled to the relief requested in paragraph 80.

## COUNT III
### Declaratory Judgment that the Derivative Matters Are Claims Deemed First Made Before the 2017-2018 Policy Period

81.     Defendant incorporates by reference its responses to paragraphs 1-80 of the Amended Complaint.

82.     To the extent that the allegations in paragraph 82 of the Amended Complaint contain conclusions of law, no response is required. To the extent the allegations in paragraph 82 contain facts, Defendant admits the factual allegations in paragraph 82.

83.     To the extent that the allegations in paragraph 83 of the Amended Complaint contain conclusions of law, no response is required. To the extent the allegations in paragraph 83 contain facts, Defendant admits the factual allegations in paragraph 83.

84.     Paragraph 84 of the Amended Complaint states conclusions of law to which no response is required. To the extent the allegations in paragraph 84 contain facts, Defendant denies that all of the Derivative Matters arise out of the same Wrongful Acts or Interrelated Wrongful Acts as the Securities Class Action or the Derivative Demands issued during the 2016-2017 Policy Period, and deny the reminder of the factual allegations in paragraph 84.

85.     To the extent that the allegations in paragraph 85 of the Amended Complaint contain conclusions of law, no response is required. To the extent the allegations in paragraph 85 requires a response, Defendant denies Plaintiffs are entitled to the relief requested in paragraph 85.

## COUNT IV

160358339.6

**Declaratory Judgment that the Specific Matter Exclusion Bars Coverage For the Securities Class Action, the Derivative Actions and the Government Investigations Under the 2017-2018 Policies**

86.     Defendant incorporates by reference its responses to paragraphs 1-85 of the Amended Complaint.

87.     Defendant admits only that Endorsement No. 2 to the 2017-2018 Endurance Primary Policy speaks for itself and Defendant denies any allegations inconsistent with the language of the endorsement.

88.     Paragraph 88 of the Amended Complaint states conclusions of law to which no response is required. To the extent the allegations in paragraph 88 contain facts, Defendant denies the factual allegations in paragraph 88.

89.     Paragraph 89 of the Amended Complaint states conclusions of law to which no response is required. To the extent the allegations in paragraph 89 contain facts, Defendant denies the factual allegations in paragraph 89.

90.     Paragraph 90 of the Amended Complaint states conclusions of law to which no response is required. To the extent the allegations in paragraph 90 contain facts, Defendant denies the factual allegations in paragraph 90.

91.     To the extent that the allegations in paragraph 91 of the Amended Complaint contain conclusions of law, no response is required. To the extent the allegations in paragraph 91 requires a response, Defendant denies Plaintiffs are entitled to the relief requested in paragraph 91.

**COUNT V**

**Declaratory Judgment that the Prior Notice Exclusion Bars Coverage for the Securities Class Action, the Derivative Actions and the Government Investigations Under the 2017-2018 Policies**

92.     Defendant incorporates by reference its responses to paragraphs 1-91 of the Amended Complaint.

160358339.6

93.     Defendant admits only that the 2017-2018 Endurance Primary Policy speaks for itself and Defendant denies any allegations inconsistent with the language of the policy.

94.     Defendant admits that it provided notice on or around February 16, 2017 of the original Breece complaint to one or more of the insurers that sold coverage in the 2016-2017 policy period, and that some of the 2016-2017 insurers have made payments, under reservations of rights, for some of the defense costs incurred in connection with the defense of the Securities Class Action, and denies that any insurer accepted such notice as a "notice of circumstances," and denies the remainder of the allegations in paragraph 94.

95.     Paragraph 95 of the Amended Complaint states conclusions of law to which no response is required. To the extent the allegations in paragraph 95 contain facts, Defendant denies that all of the Claims in the Securities Class Action, including the TAC, are based on or arise out of the facts, circumstances and situations that were the subject of the February 16, 2017 notice, and denies any insurer accepted such notice as a "notice of circumstances," and denies the remainder of the factual allegations in paragraph 95.

96.     Paragraph 96 of the Amended Complaint states conclusions of law to which no response is required. To the extent the allegations in paragraph 96 contain facts, Defendant denies that all of the Claims Derivative Matters, are based on or arise out of the facts, circumstances and situations that were the subject of notices during the 2016-2017 policy period, any insurer accepted any such notices as a "notice of circumstances," and denies the remainder of the factual allegations in paragraph 96.

97.     Paragraph 97 of the Amended Complaint states conclusions of law to which no response is required. To the extent the allegations in paragraph 97 contain facts, Defendant denies that any insurer in the 2016-2017 policy period accepted any such notices as a "notice of circumstances," and denies the remainder of the factual allegations in paragraph 97.

98.     To the extent that the allegations in paragraph 98 of the Amended Complaint contain conclusions of law, no response is required. To the extent the allegations in paragraph 98

-12-

requires a response, Defendant denies Plaintiffs are entitled to the relief requested in paragraph 98.

## COUNT VI

### Declaratory Judgment that Endurance is Entitled to Recoup the $9,650,000 Endurance Paid for Defense Costs for the Government Investigations Under the 2017-2018 Endurance Primary Policy Limit

99.     Defendant incorporates by reference its responses to paragraphs 1-98 of the Amended Complaint.

100.     Defendant admits only that the 2017-2018 Endurance Primary Policy speaks for itself and Defendant denies any allegations inconsistent with the language of the policy.

101.     To the extent that the allegations in paragraph 101 of the Amended Complaint contain conclusions of law, no response is required. To the extent the allegations in paragraph 101 requires a response, Defendant denies Plaintiffs are entitled to the relief requested in paragraph 101.

## COUNT VII

### Declaratory Judgment that Endurance is Entitled to Recoup the $350,000 Endurance Paid for Investigative Costs for the Derivative Demands Under the 2017-2018 Endurance Primary Policy Limit

102.     Defendant incorporates by reference its responses to paragraphs 1-101 of the Amended Complaint.

103.     Defendant admits that Endurance advised Under Armour that it was purporting to advance Investigation Costs subject to a potential right of recoupment to the extent coverage was subsequently determined not to be available for the Derivative Demands under the 2017-2018 Endurance Policy, but denies that Endurance has such a right to recoupment or a basis for invoking such a right if it did.

104.     To the extent that the allegations in paragraph 104 of the Amended Complaint contain conclusions of law, no response is required. To the extent the allegations in paragraph 104 requires a response, Defendant denies Plaintiffs are entitled to the relief requested in paragraph 104.

-13-

Except as expressly admitted above, Defendant denies each and every allegation in the Amended Complaint that requires a response.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any of the relief requested, and respectfully requests that the Court dismiss Plaintiffs' claims with prejudice, with costs, attorney's fees, and interest as provided by law assessed against Plaintiffs, and that Under Armour be granted such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defendant Under Armour, Inc., by and through its attorneys, Perkins Coie, LLP, and for their Affirmative Defenses to the Complaint filed by Plaintiff states as follows:

1.      Plaintiffs have failed to state a claim upon which relief can be granted.

2.      This Court does not have subject matter jurisdiction over some or all of Plaintiffs' Amended Complaint, including, but not limited to, those portions that seek an advisory opinion.

3.      Plaintiffs have waived, or are estopped from seeking, the relief they seek.

4.      Plaintiffs are not entitled to the relief it seeks under the doctrine of laches.

6.      Plaintiffs are not entitled to the relief they seek under the terms and conditions of the 2017-2018 Policies.

7.      Plaintiffs are not entitled to the relief they seek because they have admitted that the Government Investigations are not the same Claim as the Securities Claim that the Securities Class Action comprises.

8.      Plaintiffs Endurance, National Union, Freedom, QBE, Argo, XL, and Navigators are not entitled to the relief they seek because they each already have resolved by contract with Under Armour the issue of which policy period applies to the Government Investigation and

-14-

Claims interrelated with it on the one hand, and which policy period applies to the original

Breece complaint and Claims interrelated with it on the other.

9.     Defendant reserves the right to raise additional defenses if any should become

apparent during the course of discovery.

## COUNTERCLAIMS

Counterclaim-Plaintiff Under Armour, Inc. ("Under Armour"), by its attorneys, Perkins

Coie, LLP, asserts the following Counterclaims against Plaintiffs Endurance American Insurance

Company ("Endurance"); Continental Casualty Company ("Continental"); Swiss Re Corporate

Solutions America Insurance Corporation ("SRCSAIC"); National Union Fire Insurance

Company of Pittsburgh, Pa. ("National Union"); Freedom Specialty Insurance Company

("Freedom"); QBE Insurance Corporation ("QBE"); Argonaut Insurance Company ("Argo"); XL

Specialty Insurance Company ("XL"); Allied World National Assurance Company ("Allied

World"); and Navigators Insurance Company ("Navigators") (collectively, "Counterclaim

Defendants"):

### PARTIES

1.     Counterclaim-Plaintiff Under Armour is a Maryland corporation with its principal

place of business in Maryland.

2.     Upon information and belief, Endurance is an insurance company incorporated

under the laws of Delaware with its principal place of business in New York.

3.     Upon information and belief, Continental is an insurance company incorporated

under the laws of Illinois with its principal place of business in Illinois.

4.     Upon information and belief, SRCSAIC is an insurance company incorporated

under the laws of Missouri with its principal place of business in New York.

160358339.6

5.      Upon information and belief, National Union is an insurance company incorporated under the laws of Pennsylvania with its principal place of business in New York.

6.      Upon information and belief, Freedom is an insurance company incorporated under the laws of Ohio with its principal place of business in Ohio.

7.      Upon information and belief, QBE is an insurance company incorporated under the laws of Pennsylvania and has its principal place of business in New York.

8.      Upon information and belief, Argo is an insurance company incorporated under the laws of Illinois with its principal place of business in Illinois.

9.      Upon information and belief, XL is an insurance company incorporated under the laws of Delaware with its principal place of business in Connecticut.

10.      Upon information and belief, Allied World is an insurance company incorporated under the laws of New Hampshire with its principal place of business in New York.

11.      Upon information and belief, Navigators is an insurance company incorporated under the laws of New York with its principal place of business in Connecticut.

## JURISDICTION AND VENUE

12.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and is between citizens of different states.

13.      Venue is proper in this Court because Counterclaim-Defendants availed themselves of this Court's jurisdiction by filing the Amended Complaint in this action.

## THE DISPUTE BETWEEN UNDER ARMOUR AND COUNTERCLAIM-DEFENDANTS

### *The 2017-2018 D&O Policies*

14.      Endurance issued the Maryland Primary Management Liability Insurance for Public Companies Policy DOP10005972602 (the "2017-2018 Endurance Primary Policy") to

-16-

Under Armour for the March 31, 2017 to April 30, 2018 Policy Period (the "2017-2018 Policy Period"). *See* Compl., Exhibit N, Docket No. 1.

15.    Continental, SRCSAIC, National Union, Freedom, QBE, Argo, XL, Allied World, and Navigators issued consecutive layers of excess policies to Under Armour for the 2017-2018 Policy Period (collectively, the "2017-2018 Excess Policies" and, together with the 2017-2018 Endurance Primary Policy, the "2017-2018 D&O Policies"). *See* Am. Compl., Exhibits Y to GG, Docket No. 29.

16.    Except as explicitly stated therein, each of the 2017-2018 Excess Policies follows form to the terms and conditions of the 2017-2018 Endurance Primary Policy.

17.    Under the 2017-2018 D&O Policies, and subject to their respective terms and conditions, Counterclaim-Defendants are obligated to indemnify Under Armour for, among other things, all Loss, including Defense Costs, that Under Armour becomes legally obligated to pay on account of a Claim and/or Securities Claim for any Wrongful Act taking place prior to the end of the Policy Period or commencement of the Run-Off Coverage Period, as such terms are defined in the 2017-2018 Endurance Primary Policy.

18.    Under the 2017-2018 D&O Policies, Counterclaim-Defendants are also obligated to pay on behalf of Under Armour all Investigative Costs resulting from a Security Derivative Demand for any Wrongful Act taking place prior to the end of the Policy Period or commencement of the Run-Off Coverage Period, as such terms are defined in the 2017-2018 Endurance Primary Policy.

19.    Under the 2017-2018 D&O Policies, the Counterclaim-Defendants agreed, among other things, that if "Defense Costs are incurred by covered Insureds and are in part covered and in part not covered by this Policy solely because the Claim against the Insureds includes both

-17-

covered and uncovered matters," then "(100%) of any such Defense Costs shall be allocated to covered Loss."

20.     The 2017-2018 D&O Policies are valid and enforceable contracts between Under Armour and the respective Counterclaim-Defendants.

### The Securities Class Actions Prior to November 2019

21.     On February 10, 2017, Brian Breece filed an initial complaint (the "Breece Complaint") in the United States District Court for the District of Maryland, Case No. 1:17-cv-00388, against Under Armour, Chairman and CEO Kevin Plank, and former CFO Lawrence Molloy.

22.     The Breece Complaint alleged that Under Armour, Plank, and Molloy made false and/or misleading statements and failed to disclose material facts about Under Armour's business, operations, and prospects. *See* Compl., Ex. A, Docket No. 1.

23.     By order dated March 23, 2017, two other shareholder actions were consolidated into the Breece action (collectively with the Breece action, the 2017 Securities Class Actions).

24.     Initially, the 2017 Securities Class Actions did not address any alleged improprieties in the sales and accounting functions at Under Armour.  Rather, the 2017 Securities Class Actions were based on allegations of overly optimistic public statements about the Company's net revenue projections and growth rates, and allegedly misleading statements regarding inventory growth, discounting, and margin decline.   The 2017 Securities Class Actions initially contained no allegations regarding the Company's accounts receivable accounting, returns accounting, or accounting for inventory or product ownership.  Nor was there any mention of "pull forwards" (defined below) in the initial pleadings in the 2017 Securities Class Actions.

***The Government Investigations***



25.

26.

27.

28.

29.

30.

160358339.6

████████████████████████████████████████████████████

████████████████████

31.    ██████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████

32.    Ultimately, allegations as to pull forwards and related issues were the sole basis of the SEC's Order against Under Armour.  *See* Compl., Ex. J, SEC Order Instituting Cease and Desist Proceedings, Docket No. 1.

33.    Under Armour has incurred substantial Defense Costs in relation to the Government Investigations.

34.    The Government Investigations promptly were noticed to Under Armour's insurance companies, but were not disclosed to the general public until the publication of an article in the *Wall Street Journal* in November 2019.

### *The Securities Class Action After November 2019*

35.    In November 2019, the Wall Street Journal reported that the United States DOJ ("DOJ") and the Securities Exchange Commission ("SEC") were conducting criminal and civil investigations of Under Armour's accounting practices.

36.    After publication of the Wall Street Journal article, additional putative securities class actions were filed in the District Court against the Company and certain of its current and former executives (including those captioned Patel v. Under Armour, Inc., No. 1:19-cv-03209-RDB, and Waronker v. Under Armour, Inc., No. 1:19-cv-03581-RDB) (the "2019 Securities

Class Actions"). The allegations in these additional actions included allegations related to the Government Investigations, and the use of pull forwards and related accounting issues, which had not previously appeared in the 2017 Securities Class Actions.

37.    On September 14, 2020, the District Court issued an order that, among other things, consolidated the 2019 Securities Class Actions into the 2017 Securities Class Actions.

38.    On October 14, 2020, lead plaintiffs in the 2017 Securities Class Action filed a Consolidated Third Amended Complaint ("TAC"). *See* Compl., Ex. C, Doket No. 1. The TAC repeated allegations made in the Breece Complaint and in earlier consolidated amended complaints regarding alleged false and/or misleading statements and a failure to disclose facts about Under Armour's business, operations, and prospects. However, the TAC included new allegations regarding Under Armour's accounting practices, including its use of pull forwards, which had not previously appeared in the Securities Class Action until after disclosure of the Government Investigations. The term 2020 Consolidated Securities Class Action refers to consolidated litigation after these amendments and consolidation of the 2017 Securities Class Actions and 2019 Securities Class Actions.

### *The Derivative Matters*

39.    Under Armour received various derivative demands ("Derivative Demands") between 2016 and 2019 . *See* Compl., Exhibits D to G, Docket No. 1.

40.    Under Armour received Derivative Demands during the 2017-2018 Policy Period, including from Dr. Scott King and Patricia Mioduszewski. *See id.*

41.    Several derivative demands resulted in derivative actions, including: (a) *Kenney v. Kevin Plank et al.,* No. 24-C-1803939 (Md. Cir. Ct., Baltimore City); (b) *Luger v. Kevin Plank et al.,* No. 24-C-18-004314 (Md. Cir. Ct., Baltimore County); (c) *Andersen et al. v. Kevin A. Plank*

160358339.6

*et al.,* No. 1:18-cv-2239 (D. Md.); (d) *Mioduszewski v. Kevin A. Plank, et al.,* No. 1:18-cv-01084

(D. Md.); and (e) *King v. Kevin A. Plank, et al.,* No. 1:18-cv-01264 (D. Md.).

42.    None of the Derivative Demands or derivative actions (collectively, the

"Derivative Matters") included allegations relating to Under Armour's alleged use of pull

forwards until after the November 2019 Wall Street Journal report regarding the Government

Investigations of Under Armour's accounting practices.

43.    After publication of the Wall Street Journal report in November 2019, additional

derivative actions were filed, including: *Olin v. Kevin A. Plank, et al.*, No. 24-C-10-006850 (Md.

Cir. Ct., Baltimore City); *Cordell v. Plank et al.*, 24-C-20003481 (Md. Cir. Ct. Baltimore City);

*Smith v. Plank et al.*, 1:20-cv-2589 (D. Md.); and *Klein v. Plank et al.*, 29-C-20-004144 (Md.

Cir. Ct., Baltimore City); *Salo v. Kevin A. Plank, et al.*, S4-C-20-004394 (Md. Cir. Ct. Baltimore

County); and *Viskovich v. Kevin A. Plank, et al.*, Case No. 1:20-cv-03390-SAG (D. Md.).

### The Coverage Dispute

44.    The Government Investigations, and the portions of the 2019 Shareholder Class

Actions, the 2020 Consolidated Securities Class Action, and the Derivative Matters that arise out

of Claims first made during the 2016-2017 Policy Period, are covered under the 2017-2018 D&O

Policies.

45.    The Government Investigations constitute a Claim first made during the policy

period of the 2017-2018 D&O Policies.  Under the language of the policies, this Claim is distinct

from the Claim made in the Breece Complaint and other Claims noticed to the 2016-2017

insurance policies, which, among other things, did not involve allegations of pull forwards and

related accounting issues until after the disclosure of the Government Investigation.

160358339.6

46.    The addition, after November 2019, of allegations relating to pull forwards and related accounting into the 2020 Consolidated Securities Class Action resulted in the Securities Class Action from that point incorporating two distinct Claims as that term is used in the policies, one relating to Under Armour's public statements and one relating to Under Armour's accounting practices, including those related to the use of pull forwards. The latter is a Claim first made during the 2017-2018 Policy Period and is covered under the 2017-2018 D&O Policies.

47.    The Government Investigations, the 2019 Shareholder Class Actions, and the 2020 Consolidated Securities Class Action do not constitute a single Claim.

48.    The Government Investigations trigger the 2017-2018 Policy Period and are covered under the 2017-2018 D&O Policies.

49.    The Derivative Matters allege various Wrongful Acts, some of which are unrelated, and thus do not all constitute a single Claim.

50.    Certain of the Derivative Matters trigger the 2017-2018 Policy Period and are covered under the 2017-2018 D&O Policies.

51.    Under Armour provided notice of the all of the underlying putative class actions, the Derivative Matters, and Government Investigations to the Counterclaim-Defendants.

52.    Endurance contributed its $10 million of liability by making payments of: (1) $9,650,000 for Defense Costs relating to the Government Investigations; and (2) $350,000 towards Under Armour's investigation of the Derivative Demands.

53.    The remaining Counterclaim-Defendants denied coverage for each of the underlying putative class actions, the Derivative Matters, and Government Investigations under their respective 2017-2018 D&O Policies.

54.    Endurance now seeks to recoup the $10 million Endurance contributed for Defense Costs relating to the Government Investigations and towards Under Armour's investigation of the Derivative Demands.

55.    Endurance has no valid basis to recoup these payments and its efforts to recoup its payments are in breach of the terms of the 2017-2018 Endurance Primary Policy.

56.    In 2019, Endurance and Under Armour entered into the 2019-2021 Endurance Primary Policy which, among other things, finally determined that the parties would deem the Government Investigations, and any subsequent claims interrelated to them, as triggering the 2017-2018 policy tower, while still treating the original Breece Complaint and subsequent claims interrelated to it as noticed under the 2016-2017 tower of coverage.  *See* Ex. A, hereto.

57.    Counterclaim-Defendants National Union, Freedom, QBE, Argo, XL, and Navigators sold Under Armour excess policies in the 2019 - 2021 policy period that follow form to the language of the 2019-2021 Endurance Primary Policy, including this language as to the treatment of the Government Investigations.  *See* Exs. B to G hereto.

58.    Counterclaim-Defendants, while denying coverage for the Government Investigations under their 2017-2018 policies on the purported grounds that the Government Investigations and the 2020 Consolidated Securities Class Action are the same Claim, have also all taken or adopted the position that certain defense costs incurred in the Government Investigations are not covered  under the policies sold to Under Armour in the 2016 - 2017 policy period, on the inconsistent grounds that the Government Investigation is not the same Claim as the Securities Claim composed of the Securities Class Action.

59.    The Counterclaim-Defendants' denials of coverage were in breach of the terms of the 2017-2018 D&O Policies.

-24-

60. Under Armour has been damaged by Counterclaim-Defendants' breaches in an amount to be determined but including the costs of defense of the 2019 Securities Class Action, the 2020 Consolidated Securities Class Actions, the Derivative Matters, and Government Investigations.

61. Actual controversies exist between Under Armour, on the one hand, and Counterclaim-Defendants, on the other hand, as to their respective rights and obligations under the 2017-2018 D&O Policies.

62. All conditions precedent to coverage under the 2017-2018 D&O Policies and for Under Armour's counterclaims have been satisfied, or are subject to waiver, estoppel, or other excuse.

## CAUSES OF ACTION

### Count I - Declaratory Judgment
### (Against Endurance)

63. Under Armour incorporates by reference each of the allegations of paragraphs 1 through 62 as if fully set forth herein.

64. An actual controversy exists between Under Armour and Endurance as to their respective rights and obligations as to coverage for the Government Investigations and Derivative Matters.

65. The Government Investigations trigger the 2017-2018 Policy Period and are covered under the 2017-2018 D&O Policies.

66. The Dr. Scott King and Patricia Mioduszewski Derivative Matters contained allegations triggering the 2017-2018 Policy Period and are covered under the 2017-2018 D&O Policies.

160358339.6

67.    Under Armour seeks a judicial declaration that the Government Investigations, and the Dr. Scott King and Patricia Mioduszewski Derivative Matters are covered under the 2017-2018 Endurance Primary Policy.

68.    Under Armour seeks a judicial declaration that Endurance has agreed by contract to treat the Government Investigations as triggering the 2017-2018 Endurance Primary Policy.

69.    Under Armour seeks a declaration that Endurance is not entitled to recoup its $10 million payment to Under Armour in advancement of Defense Costs for the Government Investigations or in advancement of Investigative Costs for the Dr. Scott King and Patricia Mioduszewski Derivative Demands.

### Count II - Breach of Contract
### (Against all Counterclaim-Defendants)

70.    Under Armour incorporates by reference each of the allegations of paragraphs 1 through 69 as if fully set forth herein.

71.    The 2017-2018 D&O Policies are binding contracts that obligate Counterclaim-Defendants to reimburse Under Armour for, among other things, Defense Costs on account of a Claim for a Wrongful Act.

72.    The Government Investigations trigger the 2017-2018 Policy Period and are covered under the 2017-2018 D&O Policies.

73.    Moreover, Endurance, National Union, Freedom, QBE, Argo, XL, and Navigators have agreed by contract to treat the Government Investigations as triggering the 2017-2018 Endurance Primary Policy.

74.    The portions of the 2019 Securities Class Actions, the 2020 Consolidated Securities Class Action, and Derivative Matters representing Claims first made during the 2017 -

2018 policy period trigger the 2017-2018 Policy Period and are covered under the 2017-2018 D&O Policies.

75.    To date Under Armour has incurred covered Defense Costs in an amount sufficient to trigger the payment obligations of Endurance, Continental, SRCSAIC, National Union, Freedom, QBE, and Argo under their respective 2017-2018 D&O Policies.

76.    Counterclaim-Defendants have breached their respective 2017-2018 D&O Policies by:  1) denying coverage or purporting to deny coverage for covered Losses; and/or 2) and failing to pay covered amounts that Under Armour has incurred.

77.    As a direct, proximate, and legal cause of such breaches, Under Armour has suffered harm and continues to suffer harm, including but not limited to the amounts of Defense Costs it has incurred in connection with the Government Investigations, and premature erosion of the coverage in its 2016-2017 tower of coverage due to the failure of Counterclaim-Defendants to contribute to the defense of the 2019 Securities Class Actions and the 2020 Consolidated Securities Class Action.

78.    Counterclaim-Defendants are obligated to pay all damages caused by their breaches of their respective 2017-2018 D&O Policies.

## Count III - Declaratory Judgment
### (Against all Counterclaim-Defendants)

79.    Under Armour incorporates by reference each of the allegations of paragraphs 1 through 78 as if fully set forth herein.

80.    An actual controversy exists between Under Armour, on the one hand, and Counterclaim-Defendants on the other hand, as to their respective rights and obligations as to coverage for the 2020 Consolidated Securities Class Action and Derivative Matters.

160358339.6

81.     The 2020 Consolidated Securities Class Action constitutes more than one Claim, as that term is defined in the 2017-2018 Endurance Primary Policy.

82.     The portion of the 2020 Securities Securities Class Action that represents a Claim first made during the 2017-2018 Policy Period triggers the 2017-2018 Policy Period and is covered under the 2017-2018 D&O Policies.

83.     The Derivative Matters constitute more than one Claim, as that term is defined in the 2017-2018 Endurance Primary Policy.

84.     The portions of the Derivative Matters that represents Claims first made during the 2017-2018 Policy Period trigger the 2017-2018 Policy Period and are covered under the 2017-2018 D&O Policies.

85.     Under Armour seeks a judicial declaration that these portions of the 2020 Consolidated Securities Class Action and Derivative Matters are covered under the 2017-2018 D&O Policies.

86.     Under Armour seeks a judicial declaration that Counterclaim-Defendants are obligated to pay defense costs and indemnify Under Armour, up to their respective limits of liability, for any settlements or judgments under their respective 2017-2018 D&O Policies with respect to the 2020 Consolidated Securities Class Action and Derivative Matters.

## **PRAYER FOR RELIEF**

WHEREFORE, Under Armour prays for relief and judgment against Counterclaim-Defendants such that:

a.     The Court declares that the Endurance is not entitled to recoup its $10 million payment to Under Armour in advancement of Defense Costs for the Government Investigations or in advancement of Investigative Costs for Derivative Demands.

b.      Under Armour receives damages against Counterclaim-Defendants in an amount to be determined at trial.

c.      The Court declares that Counterclaim-Defendants are obligated pay defense costs and indemnify Under Armour, up to their respective limits of liability, with respect any settlements or judgments in the 2020 Consolidated Securities Class Action and Derivative Matters.

d.      The Court award Under Armour its costs and attorneys' fees in the present action, together with pre-and post-judgment interest thereon at the legal rate.

e.      For other, further, and different relief as the Court may deem just and proper.

## **JURY DEMAND**

Under Armour hereby demands trial by jury of all issues so triable that are raised herein or which may be raised in this action.

Dated:  February 9, 2023

By:    /s/ Michael T. Sharkey
       Michael T. Sharkey, Bar No. 23275
       MSharkey@perkinscoie.com
       PERKINS COIE LLP
       700 Thirteenth Street, N.W., Suite 800
       Washington, D.C. 20005-3960
       Telephone: +1.202.654.6200
       Facsimile:  +1.202.654.6211

*Attorney for Defendant Under Armour*

160358339.6

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2023 all counsel of record were served with a copy of this document by ECF.

/s/ Michael T. Sharkey