Kimberly M. Melvin
202.719.7403
kmelvin@wiley.law

Margaret T. Karchmer
202.719.4198
mkarchmer@wiley.law



Wiley Rein LLP
2050 M St NW
Washington, DC 20036
Tel:  202.719.7000

wiley.law

November 19, 2024

Hon. Richard D. Bennett
101 West Lombard Street
Chambers 5D
Baltimore, MD 21201

Re:    *Navigators Insurance Company v. Under Armour, Inc.,* No. 1:22-cv-02481-RDB (D. Md.)

Dear Judge Bennett:

As counsel for Plaintiff/Counterclaim Defendant Continental Casualty Company, and jointly on behalf of all Plaintiffs/Counterclaim Defendants (collectively, the "Insurers"), we write to request a status conference following the Court's March 26, 2024 Sealed Memorandum Opinion and Order (the "Order") (ECF No. 164 *SEALED*) regarding the parties' cross-motions for judgment on the pleadings.

For the reasons detailed in the briefing on the Insurers' Motion to Certify the Court's March 26, 2024 Order as a Final Judgment Pursuant to Federal Rule Civil Procedure 54(b) Or, in the Alternative, For Immediate Appeal Pursuant to 28 U.S.C. § 1292(b), and to Stay the Proceeding (the "Motion") (ECF No. 170), the Insurers seek to immediately appeal the Order and stay further proceedings in this Court until resolution of the appeal.  Under Armour has opposed the Motion.

There have been several developments since parties finished briefing the Motion.  In particular, each of the Insurers have paid their respective limits of liability under the directors and officers liability policies issued by the Insurers to Under Armour for the policy period of March 31, 2017 to April 30, 2018 (the "17-18 Policies"), subject to the right to recoup such payments in the event the Insurers prevail on appeal.  In the Insurers' view, this moots Under Armour's claim for breach of contract.  However, Under Armour has declined to dismiss its breach of contract claim and has taken the position that the case is not ripe for appeal due to its claims for prejudgment interest and attorneys' fees.  Notwithstanding this position, Under Armour has not taken any action to move these claims forward.  To be clear, the Insurers dispute that Under Armour is entitled to any prejudgment interest or attorneys fees, but they believe it would be most efficient for the parties to first litigate the merits of the coverage dispute to conclusion on appeal, as resolution of the appeal may moot the need to address Under Armour's claims for prejudgment interest and attorneys' fees.

In light of these developments, the Insurers request a status conference with the Court to discuss next steps in this case.  The Insurers have conferred with Under Armour and understand that Under Armour agrees it would be prudent to schedule a status conference to provide an update on intervening developments and discuss next steps toward moving this case

Hon. Richard D. Bennett
November 19, 2024
Page 2


toward appeal or a new case schedule for addressing the breach of contract claim in the District Court.

Sincerely,

Kimberly M. Melvin
Margaret T. Karchmer

cc:      Counsel of Record

wiley.law