IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NAVIGATOR INSURANCE CO., *et al.*, | * | |
| *Plaintiffs/Counterclaim Defendants*, | * | |
| v. | * | Civil Action No. RDB-22-2481 |
| UNDER ARMOUR, INC., | * | |
| *Defendant/Counterclaim Plaintiff.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

This case relates to an insurance coverage dispute between Defendant/Counter Claimant Under Armour, Inc. ("Under Armour") and its excess policy insurers ("Plaintiffs/Counterclaim Defendants" or "Insurers") regarding insurance coverage for a consolidated securities class action, several derivative matters, and government investigations (the "Underlying Matters"). On March 26, 2024, this Court ruled on the parties' cross-motions for judgment on the pleadings regarding claims for declaratory judgment, (ECF Nos. 164, 165),[1] denying the Insurers' motion (ECF No. 135-2) and granting Under Armour's motion (ECF No. 139-2). (ECF No. 164.) Subsequently, Insurers filed the pending Motion to Certify the Court's March 26, 2024 Order as a Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) or, in the Alternative, for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b), and to Stay the Proceedings (the "Motion") (ECF No. 170), which is fully briefed

---

[1] For clarity, this Memorandum Order cites to the ECF generated page number, rather than the page number at the bottom of the parties' various submissions, unless otherwise indicated. Likewise, this Memorandum Order cites to the ECF generated document number, rather than the exhibit number provided by the parties' various submissions.

1

and opposed by Under Armour (ECF No. 171, 172, 173).  On November 19, 2024, the Insurers filed correspondence with the Court, noting the parties' joint request for a status conference.  (ECF No. 178.)  And so, on December 19, 2024, the Court held an off-the-record telephone conference with the parties.  For the reasons discussed herein, the Insurers' Motion (ECF No. 170) is GRANTED with respect to the Insurer's request to certify the March 26, 2024 Order as a final judgment pursuant to Rule 54(b), and the Court will STAY these proceedings pending the United States Court of Appeals for the Fourth Circuit's resolution of the Insurers' appeal of the Rule 54(b) judgment.

## BACKGROUND

### I. The Parties' Coverage Dispute

Briefly, the above-captioned case relates to an insurance coverage dispute between Under Armour, Inc. and its excess policy insurers[2] regarding insurance coverage for a consolidated securities class action, several derivative matters, and government investigations. In brief, the Insurers do not dispute coverage for the Underlying Matters with respect to a prior policy (the "2016–2017 Policy") covering an earlier period (the "2016–2017 Policy Period"), but rather dispute whether coverage is triggered under a subsequent policy (the "2017–2018 Policy") covering a later period (the "2017–2018 Policy Period").  The Insurers contend that the Underlying Matters all constitute one claim first made under the 2016–2017 Policy, for which they acknowledge coverage.  However, those Insurers contend that there is no additional coverage under the 2017–2018 Policy, as it is their position that no Claim was

---

[2] While this case was also brought by lead insurance company, Endurance American Insurance Company, on May 18, 2023, this Court entered an Order dismissing with prejudice all claims and defenses asserted by and between Endurance and Under Armour pursuant to Endurance and Under Armour's partial stipulation pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).  (ECF No. 134.)

first made during the 2017–2018 Policy Period, and the Specific Matter Exclusion and the Prior Notice Exclusion each bar coverage.  Accordingly, the Insurers denied coverage for the Underlying Matters and this litigation followed, with Insurers filing a Complaint for Declaratory Judgment against Under Armour (ECF No. 1).  Insurers subsequently filed an Amended Complaint, (ECF No. 29), which Under Armour answered, asserting counterclaims for declaratory judgment and breach of contract against the Insurers.  (ECF No. 57.)

## II.     Ruled-Upon Cross-Motions for Judgment on the Pleadings

After the Insurers responded to Under Armour's Counterclaims (ECF Nos. 70, 73, 74, 82, 85, 87, 90, 98, 99), the parties filed cross-motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) with respect to the claims for declaratory judgment.  (ECF Nos. 135, 139.)  On March 26, 2024, this Court ruled on the parties' cross-motions for judgment on the pleadings regarding claims for declaratory judgment, (ECF Nos. 164,[3] 165 (the "March 26 Order" or "March 26, 2024 Order"), denying the Insurers' motion (ECF No. 135-2) and granting Under Armour's motion (ECF No. 139-2).  (ECF No. 164.)  In short, the Court found that, as a matter of law, the government investigations and the claims arising therefrom constitute a claim first made during the 2017–2018 Policy Period, entitling Under Armour to additional coverage under the 2017–2018 Policy.  (*Id.*)  While the March 26 Order (ECF No. 165) disposed of the parties' claims for declaratory judgment—specifically, the Court dismissed Counts I–V of the Insurers' Amended Complaint (ECF No. 29) and granted Count III of Under Armour's Counterclaims (ECF No. 57)—one claim remains pending: Under

---

[3] The Memorandum Opinion at ECF No. 164 was filed under seal, with a version containing the parties' requested redactions later filed at ECF No. 169.

Armour's counterclaim for breach of contract against the Insurers ("Count II of Under Armour's Counterclaims" or "Under Armour's claim for breach of contract"). (ECF No. 165.)

### III. Insurers' Pending Motion to Certify the Court's March 26 Order as a Final Judgment (ECF No. 170)

On April 25, 2024, the Insurers filed a Motion to Certify the Court's March 26, 2024 Order as a Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) or, in the Alternative, for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b), and to Stay the Proceedings (ECF No. 170), which is presently pending. Under Armour opposed the Motion, (ECF No. 171), and Insurers replied (ECF No. 172), with National Union Fire Insurance Company of Pittsburgh, Pa. also filing a "Joinder in Reply." (ECF No. 173.)

### IV. Parties' Request for a Status Conference and December 19, 2024 Conference

On November 19, 2024, counsel for the Insurers requested a status conference with the Court. (ECF No. 178.) Therein, the Insurers indicate "several developments since [the] parties finished briefing the Motion," noting "each of the Insurers have paid their respective limits of liability under the directors and officers liability policies issued by the Insurers to Under Armour for the [2017–2018 Policies], subject to the right to recoup such payments in the event the Insurers prevail on appeal." (*Id.* at 1.) They contend that "this moots Under Armour's claim for breach of contract," but note that "Under Armour has declined to dismiss its breach of contract claim and has taken the position that the case is not ripe for appeal due to its claims for prejudgment interest and attorneys' fees." (*Id.*) Insurers complain that "[n]otwithstanding this position, Under Armour has not taken any action to move these claims forward." (*Id.*) "Under Armour agrees it would be prudent to schedule a status conference

4

to provide an update on intervening developments and discuss next steps toward moving this case toward appeal or a new case schedule for addressing the breach of contract claim in [this Court]." (*Id.* at 1–2.)

And so, on December 19, 2024, the Court held an off-the-record telephone conference with the parties. As discussed with the parties, the Court finds that the pending Motion should be granted pursuant to Rule 54(b). The Court expounds about its reasoning below.

## ANALYSIS

### I. The Court's March 26, 2024 Order Meets the Requirements for Entry of Final Judgment Under Rule 54(b).

The Insurers request that the Court certify its March 26, 2024 Order as a final judgment to allow immediate appeal pursuant to Fed. R. Civ. P. 54(b),[4] contending that there is no reason to delay an interlocutory appeal. (ECF No. 170-1 at 7, 8–13; ECF No. 172 at 3–6.) Under Armour insists that the requirements for Rule 54(b) are not met. (ECF No. 171-1 at 6–7, 9–17.)

---

[4] In the alternative, the Insurers request that the Court certify the Order under 28 U.S.C. § 1292(b). (ECF No. 170-1 at 8, 13–16; ECF No. 172 at 8–12.) Under § 1292(b), a district court may certify an interlocutory appeal when (1) the appeal involves "a controlling question of law," (2) as to which there is "substantial ground" for disagreement, and (3) immediate appeal "may materially advance the ultimate termination of the litigation." While an immediate appeal would surely "materially advance the ultimate termination of th[is] litigation," the Court notes that the first and second requirements are not satisfied. Briefly, whether an issue is a "question of law" for purposes of § 1292(b) turns on whether the issue is "a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record[.]" *Ahrenholz v. Bd. of Trs.*, 219 F.3d 674, 677 (7th Cir. 2000). While contract interpretation is a matter of law, the resolution of the issue here is rooted in the facts of the case, and such questions are not proper for § 1292(b) appeal. Regarding the second requirement, an interlocutory appeal will lie only if a difference of opinion exists between courts on a given controlling question of law, creating the need for an interlocutory appeal to resolve the split or clarify the law. *McDaniel v. Mehfoud*, 708 F. Supp. 754, 756 (E.D. Va. 1989). In other words, for an interlocutory appeal to lie, it matters not whether the court simply got the law wrong (at least in the opinion of the appealing party); rather, what matters is whether courts themselves disagree as to what the law is. No such "substantial ground" for disagreement exists here.

5

Federal courts of appeals only have jurisdiction "from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Fed. R. Civ. P. 54(b) permits a district court to direct entry of final judgment relating to what would otherwise be an interlocutory order because it does not resolve all claims against all parties. The Fourth Circuit has explained that: district courts must "first 'determine whether the judgment is final,' and second, 'determine whether there is no just reason for the delay in entry of judgment.'" *Kinsale Ins. Co. v. JDBC Holdings, Inc.*, 31 F.4th 870, 873 (4th Cir. 2022) (citation omitted). The Fourth Circuit has instructed Courts that "[w]here the district court is persuaded that Rule 54(b) certification is appropriate, the district court should state those findings on the record or in its order." *Id.* at 874.

With respect to the first requirement, the Supreme Court long-ago clarified that "a 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). The Supreme Court has further explained that a decision is properly considered "final" under Rule 54(b) when it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quotation marks omitted).

The Court finds that standard is satisfied here. Insurers sought declaratory judgment that they did not owe coverage for the Underlying Matters under the 2017–2018 Policies. The March 26 Order fully resolved that "individual claim" by rejecting it. Similarly, Under Armour sought a declaratory judgment that coverage was owed, and the March 26 Order fully resolved that "individual claim" by accepting it. Nothing more is required to make the court's order final as to those claims and thus potentially eligible for a Rule 54(b) certification.

6

While it is true that the Court's March 26 disposition did not resolve Under Armour's claim for breach of contract, courts "are not required to adjudicate the ultimate dispute between the parties" to render final an order granting or refusing a declaratory judgment. *Kinsale*, 31 F. 4th at 878 (Heytens, J., concurring) (citing *Henglein v. Colt Indus. Operating Corp.*, 260 F.3d 201, 211 (3d Cir. 2001)). Rather, "[o]nce a judgment disposing of all issues on which the parties sought a declaration is entered," the court's resolution of that distinct claim is final and thus "ripe for appeal." *Id.* (citing *Henglein*, 260 F.3d at 210). Simply stated, while Under Armour also brought a claim for breach of contract seeking damages "in an amount to be determined at trial," the March 26 Order entirely disposed of both parties claims for declaratory judgment.

In determining whether there is no just reason for delay in the entry of judgment, the Fourth Circuit has instructed district courts to conduct a "'case-specific' inquiry, keeping in mind that this inquiry is 'tilted from the start against [the] fragmentation of appeals.'" *Kinsale*, 31 F.4th at 874 (quoting *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993)). The Court must consider the following factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* (citing *Braswell*, 2 F.3d at 1335–36).

The Court finds that there is no just reason for delaying appellate review and the *Braswell* factors support Rule 54(b) certification. Beginning with the relationship between the

7

adjudicated and unadjudicated claims, Under Armour's unresolved claim for breach of contract hinges on the outcome of the claims for declaratory relief—that is, if coverage does not exist under the 2017–2018 Policy, Under Armour's breach of contract claim fails. Nevertheless, while the breach of contract claim is "related" to the claims for declaratory judgment, the Court's task is to consider "whether the claims under review [are] separable from the others remaining to be adjudicated." *Curtiss-Wright*, 446 U.S. at 8. The Court finds that the claims are separable.

Turning to the second factor, there is no concern that the need for review might or might not be mooted by future developments in the district court. Stated otherwise, any development on the breach of contract claim would not moot an appeal of the March 26 Order.

With respect to the possibility that the reviewing court might be obliged to consider the same issue a second time, there is some risk of duplicative effort by the Courts. Still, this single factor does not outweigh the other factors weighing in favor of certification of the March 26 Order pursuant to Rule 54(b).

With respect to the fourth factor, there is no claim or counterclaim that could result in a set-off against the judgment on the declaratory relief claims.

With respect to miscellaneous factors, entry of final judgment would not meaningfully delay the proceedings; there are no economic or solvency concerns; and no concerns about expenses. As indicated in the correspondence filed with the Court on November 19, 2024 (ECF No. 178), the parties dispute whether the breach of contract claim has been mooted, with Under Armour contending it is not and Insurers contending the claim is moot as the

Insurers have paid their respective limits of liability. In the Court's opinion, this further tips the balance in the Insurers' favor for Rule 54(b) certification, as what was once a nonfrivolous counterclaim, is now less serious.

In sum, the Court finds that the requisite inquiry, on balance, demonstrates that there is no just reason to delay entry of final judgment on the Court's March 26, 2024 Order. Accordingly, the Insurers' Motion (ECF No. 170) is GRANTED with respect to the Insurer's request to certify the March 26, 2024 Order as a final judgment pursuant to Rule 54(b).

## II.  A Stay in Proceedings in this Court While the Insurers Appeal the March 26, 2024 Order Is Appropriate.

The Court also exercises its "broad discretion to stay proceedings" while the Insurers appeal the final judgment in the March 26, 2024 Order. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). When considering a discretionary motion to stay, courts examine:

> (1) the impact on the orderly course of justice, sometimes referred to as judicial economy, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay; (2) the hardship to the moving party if the case is not stayed; and (3) the potential damage or prejudice to the non-moving party if a stay is granted.

*Int'l Refugee Assistance Project, LLC v. Trump*, 323 F. Supp. 3d 726, 731 (D. Md. 2018) (collecting cases). Here, the relevant factors and the balance of equities support the grant of a stay. First, a stay would positively impact judicial economy. Second, as the Insurers have paid their respective limits of liability under the 2017–2018 Policies, the Insurers would be prejudiced if the case is not stayed pending appeal of the March 26 Order. Third, there is little potential damage or prejudice to Under Armour if a stay is granted. This is especially so now that the consolidated securities class action has settled.

### III. The Period to File Any Motion Requesting the Award of Attorneys' Fees Shall Be Stayed.

The Court briefly addresses a concern raised by Under Armour during the status conference with respect to the deadline for filing a motion for attorneys' fees. Specifically, Under Armour raised a concern that certifying the March 26, 2024 Order as a final judgment may trigger Local Rule 109.2's requirement that "any motion requesting the award of attorneys' fees must be filed within fourteen (14) days of the entry of judgment." Local Rule 109.2.a provides that:

> Unless otherwise provided by statute, L.R. 109.2.c, or otherwise ordered by the Court, any motion requesting the award of attorneys' fees must be filed within fourteen (14) days of the entry of judgment. The memorandum required by L.R. 109.2.b must be filed within thirty-five (35) days from the date the motion is filed, or (unless otherwise ordered by the Court) in the event an appeal is taken from the underlying judgment, within fourteen (14) days of the issuance of the mandate of the Court of Appeals. Any opposition to the motion shall be filed within fourteen (14) days of service of the memorandum. Noncompliance with these time limits shall be deemed to be a waiver of any claim for attorneys' fees.

(D. Md. 2023). In an abundance of caution, the Court orders that the time to file any motion requesting attorneys' fees shall be STAYED pending the Fourth Circuit's resolution of the Insurers' appeal of the Rule 54(b) judgment.

## ORDER

For the reasons stated above, it is this 19th day of December, 2024, HEREBY ORDERED that: Plaintiffs/Counterclaim Defendants' Motion to Certify the Court's March 26, 2024 Order as a Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) or, in the Alternative, for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b), and to Stay the Proceedings (ECF No. 170) is GRANTED. Specifically, the Court ORDERS that this

Memorandum Order be entered as a final judgment as to Plaintiffs/Counterclaim Defendants' claims for declaratory judgment—that is, Counts I–V of the Insurers' Amended Complaint (ECF No. 29)—as well as to Under Armour's counterclaim for declaratory judgment—that is, Count III of Under Armour's Counterclaims (ECF No. 57). Further, the remainder of this action, as well as the time to file any motion requesting attorneys' fees, shall be STAYED during the pendency of the appeal.

Date: December 19, 2024                                         /s/
                                                                Richard D. Bennett
                                                                United States Senior District Judge